IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHARLES A. WALLS, III                                                                                       PETITIONER
ADC #111912

v.                                              4:22-cv-00420-JM-JJV

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                                    RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I.      INTRODUCTION**

Petitioner Charles A. Walls, III, an inmate at the East Arkansas Regional Unit of the Arkansas Division of Correction, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 2). He alleges he was coerced into his guilty plea, a structural error that should have allowed him to withdraw his guilty plea and plea of no contest, judicial bias, and

prosecutorial misconduct. *Id.* at 6-11. According to the state court records[1] and the Arkansas Department of Correction website,[2] Mr. Walls's entered his guilty plea and was sentenced in 1998 and resentenced in June 1999. He brings this Petition for Writ of Habeas Corpus twenty-three years later, on June 9, 2022. I have conducted a preliminary review of Mr. Walls's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, it plainly appears Mr. Walls is not entitled to relief. Accordingly, I recommend the Petition be dismissed.

II.   ANALYSIS

Mr. Walls's Petition is untimely based upon the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Title 28 U.S.C. § 2244(d)(1) and (2) set forth a one-year period of limitation for petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] *See Walls v. State*, 341 Ark. 787, at 789-791, 20 S.W.3d 322, 323-324 (2000).
[2] *See* https://apps.ark.org/inmate_info/index.php.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this case, the one-year limitation period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). On February 4, 1998, Mr. Walls pleaded guilty to five counts of rape and nolo-contendere to one count of rape. *See Walls v. State*, 341 Ark. 787, at 789-791, 20 S.W.3d 322, 323-324 (2000); *State v. Walls*, 43CR-97-276, http://caseinfo.arcourts.gov. On March 4, 1999, the Arkansas Supreme Court reversed the sentences and remanded the case for resentencing. *Id.* A few months later, on June 23, 1999, the trial judge resentenced Mr. Walls. *Id.*, 341 Ark. 787, at 791, 20 S.W.3d at 324. He appealed to the Arkansas Supreme Court, which affirmed his sentence on June 29, 2000. *Id.* Mr. Walls does not allege any other subsection applies, so the period of limitation began running on June 29, 2000.

Further, from my review of state court records, any statutory tolling under § 2244(d)(2) would be insufficient. Mr. Walls filed a petition for writ of error coram nobis in the Lonoke County Circuit Court on May 20, 2020, which was denied on July 16, 2020. *Walls*, 43CR-97-276, http://caseinfo.arcourts.gov. He appealed to the Arkansas Supreme Court, which denied his petition on October 28, 2021. *Walls v. State*, No. CR-99-1267, 2021 WL 5002272, at *1 (Ark. Oct. 28, 2021). Accordingly, the application was filed long after the one-year limitation period ended in 2001, which is not enough to save a federal habeas petition filed over twenty years too late. Moreover, a careful review of the Petition fails to show any support for equitable tolling. Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights

diligently and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Walls has not made either showing.

Nor does Mr. Walls allege that he is actually innocent. (Doc. No. 2 at 9). It is true that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" when the impediment is expiration of the statute of limitation. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, the United States Supreme Court has made clear that tenable actual-innocence gateway pleas are rare: "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). This standard is "demanding" and seldom met. *Id*. (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). Mr. Walls makes no real attempt to meet it: he cites no new evidence and does not explain why no reasonable juror would convict him. In fact, he does not even allege innocence, and his grounds for relief all relate to judicial bias and prosecutorial misconduct. He even states he "should've been allowed to withdraw his pleas and plea of no contest to correct a manifest injustice *without* alleging that he was innocent of the charge to which the plea was entered." (Doc. No. 1 at 9) (emphasis added). When recognizing actual innocence as an exception to the AEDPA's statute of limitations, the United States Supreme Court was careful to say that "frivolous petitions should occasion instant dismissal" under Rule 4. *McQuiggin*, 569 U.S. at 400. Mr. Walls's claim of actual innocence, if he makes one at all, is totally unsupported and therefore frivolous.

Under Rule 4 of the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Because it plainly appears that Mr. Walls's Petition is untimely,

dismissal is appropriate. If Mr. Walls has information to show he is entitled to either statutory or equitable tolling, he should so state in his objections to this recommendation.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Walls has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Mr. Walls's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED and the requested relief be DENIED.

2.   A certificate of appealability not be issued.

DATED this 16th day of June 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE